# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DOLORES C. PINO, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 03 C 7466 |
| UNITED STATES OF AMERICA, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER:

MATTHEW F. KENNELLY, District Judge:

Dolores Pino has filed a *pro se* complaint under the Federal Tort Claims Act in which she alleges that on February 5, 2001, she was in Morton Grove, Illinois walking south from Golf Road on Harlem Avenue, "when the FAA's air traffic controllers and other staff negligently and wrongfully directed and guided a United Airlines jet airplane taking off from O'Hare Airport in the air over plaintiff and allowed it to cause a great noise disturbance over this highly populated residential area." First Am. Compl. ¶ 3. The disturbance was so great, Pino says, that "it involved an air pressure wave powerful enough to actually have struck the entire right side of the plaintiff's body, and thereby caused physical injury to her," including damaging her hearing. *Id.* ¶¶ 3, 5.

The government has moved for summary judgment. The Court may grant the motion only if there is no genuine issue as to any material fact and the government is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In assessing the government's motion, the Court views the facts in the light most favorable to Pino and draws reasonable inferences in her

favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

The government is liable to Pino under the FTCA if, under the circumstances, a private person would be liable to her under the law of Illinois, where the allegedly negligent act occurred. 28 U.S.C. § 1346(b). Under Illinois law, to sustain a claim for negligence, Pino must show that the government owed her a duty of care and breached the duty, proximately causing her injury. *See, e.g., Curatola v. Village of Niles*, 154 Ill. 2d 201, 207, 608 N.E.2d 882, 885 (1993).

Pino has offered no evidence that anything that any air traffic controller did caused her injury. Pino's claim in her complaint was that air traffic controllers permitted a United Airlines jet to fly too low over her neighborhood and that this caused her injury.[1] In her response to the government's motion, however, Pino disavows the claim that the air pressure wave was caused by the United Airlines jet, suggesting that it must have been caused by some other aircraft that passed overhead earlier or that was traveling greater than the speed of sound. *See* Pl. LR 56.1(b)(3)(A) Stmt. ¶ 5. But Pino's speculation over possible causes does not qualify as evidence. "Inferences ... supported by only speculation or conjecture will not defeat a summary judgment motion." *McDonald v. Village of Winnetka*, 371 F.3d 992, 1001 (7th Cir. 2004).

At this stage of the case, Pino must provide evidence that would enable a fact finder to find in her favor at trial. All that Pino offers on this score is the following:

---

[1] Pino now concedes that the United Airlines jet that she originally claimed caused the air pressure wave was at an altitude of over 6300 feet at the time she claimed to have been injured. Pl. Ex. F. The Federal Aviation Administration's departure procedures for O'Hare Airport require an aircraft to be at least 3000 feet above mean sea level – around 2300 feet above ground – by the time it passes Pino's neighborhood. *See* Def. Ex. 2 at 6. Thus the jet was well above the minimum altitude.

2

> The Plaintiff was unable to reconstruct exactly how the aircraft created the air pressure wave, but based on communications with jet noise experts, the two likely modes are "wake vortices" from the wings or a military jet flying over at or above the speed of sound which created a sonic boom.

Pl. Affid. ¶ 18. Though it is possible that Pino is correct about the likely cause of the air pressure wave, her affidavit does not suffice to create a genuine issue of fact. To be considered in connection with a motion for summary judgment, evidence must be admissible in content. Specifically, an affidavit must be based on personal knowledge in order to be considered. *See, e.g., Juarez v. Menard, Inc.*, 366 F.3d 479, 484 n.4 (7th Cir. 2004). The statement in Pino's affidavit about the possible causes of the air pressure wave concededly is not based on her personal knowledge – rather it is based on hearsay statements from unnamed individuals.

Pino says that the only thing capable of causing an air pressure wave of the type she says hit her is an aircraft, and that because an aircraft must have been involved, the FAA is responsible. She says in her response to the motion for summary judgment that her claim may be sustained under the doctrine of *res ipsa loquitur*. *See* Pl. Mem. at 9. But to establish *res ipsa loquitur* under Illinois law, a plaintiff must show that he or she was injured in an occurrence that ordinarily does not happen in the absence of negligence, and by an agency or instrumentality within the defendant's exclusive control. *See Dyback v. Weber*, 114 Ill. 2d 232, 242, 500 N.E.2d 8, 12 (1986). Pino does not have evidence sufficient to permit a finding in her favor on either of these points. Her own statement that her injury was caused by an air pressure wave amounts to unsupported surmise, and in any event she has no evidence that air pressure waves ordinarily do not reach the ground unless someone is negligent. Finally, it is questionable whether the FAA's provision of air traffic control services puts it in exclusive control of aircraft within the meaning

3

of the doctrine of *res ipsa loquitur*.

For these reasons, the Court concludes that the evidence, even when viewed in the light most favorable to Pino, would not support a decision in her favor under the FTCA. The government is therefore entitled to summary judgment.

In her response to the motion for summary judgment, Pino asks the Court to permit her to amend her complaint to add a claim that the FAA was negligent in its regulation of aircraft noise around O'Hare Airport. *See* Pl. Mem. 8. The Court denies this request. The request is untimely, as it comes long after the close of discovery, and the government would be unfairly prejudiced were it required to now defend against entirely new allegations. In any event, the amendment would be futile, as the FTCA contains an exception for discretionary functions, 28 U.S.C. § 2860(a), which would bar any claim regarding the design of departure routes from O'Hare Airport. *See, e.g., West v. Federal Aviation Admin.*, 830 F.2d 1044, 1048-49 (9th Cir. 1987); *Colorado Flying Academy, Inc. v. United States*, 724 F.2d 871, 876-77 (10th Cir. 1984).

**Conclusion**

For the reasons stated above, the Court grants the government's motion for summary judgment [docket # 25-1]. The Court denies plaintiff's motion for denial of the motion for summary judgment [docket # 39-1]. Plaintiff's motion to shorten deadline and to compel answer [# 27-1 & 2] was dealt with by Judge Lefkow and is terminated as moot. The Clerk is directed to enter judgment in favor of the defendant.

MATTHEW F. KENNELLY
United States District Judge

Date: May 2, 2005

4